BENJAMIN A. ABRAMS, Appellant, *v.* WILMOT P. THOMPSON et al., Respondents, and ANNA ABRAMS, Appellant.

(Submitted April 17, 1929; decided May 28, 1929.)

*Henry Hirschberg* for appellants. The contract conferred an option or right as matter of law upon plaintiff to elect a rescission of the real estate sale if defendants Thompson did not procure and file the releases of the liens or apparent liens of the railroad mortgages within the year specified. (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310.) Plaintiff having duly elected his option of rescission and instituted this action at a time when the defendants had defaulted in procuring the releases of the railroad mortgages, such right of rescission cannot be defeated by the subsequent procurement of such releases and this is true even if time was not of the

essence of the contract. Therefore, it was reversible error to permit the subsequently acquired releases of the railroad mortgages to defeat plaintiff's action. (*Callanan* v. *K., A. C. & L. R. R. Co.*, 199 N. Y. 268; *McNaughton* v. *Eq. Life Assur. Soc.*, 136 App. Div. 774; *Harper* v. *Newburgh*, 159 App. Div. 695; Bispham on Eq. [8th ed.] § 472; *Oakes* v. *Turquand*, L. R. 2 H. L. 325; *Reese River Mining Co.* v. *Smith*, 4 H. L. 64; Pollock on Contracts, 508; *Stevenson* v. *Marble*, 84 Fed. Rep. 23; *Matter of Dames* v. *Wood*, L. R. [29 Ch. Div.] 626; *Spears* v. *Mayor*, 87 N. Y. 359; *Thomas* v. *Coultas*, 76 Ill. 493.) Plaintiff made sufficient tender of reconveyance of the property and duly offered to restore the *status quo ante* the agreement for rescission and it was not necessary upon defendants' refusal to comply with the contract for plaintiff to abandon the real property to the elements or thieves. Repetition of the tender in the complaint was all that was necessary. (*Springport* v. *Teutonia Sav. Bank*, 75 N. Y. 397; *Callanan* v. *K., A. C. & L. R. R. Co.*, 199 N. Y. 268; *Vail* v. *Reynolds*, 118 N. Y. 297; *Gould* v. *Cayuga Nat. Bank*, 86 N. Y. 75; *Allerton* v. *Allerton*, 50 N. Y. 670; *Beecher* v. *Ackerman*, 1 Abb. Pr. [N. S.] 141; *Hay* v. *Hay*, 13 Hun, 315; *Zebley* v. *F. L. & T. Co.*, 139 N. Y. 461.)

*Abram F. Servin* and *Frank H. Finn* for respondents. The contract did not give plaintiff a right to enforce his demand for rescission save by insisting upon a forfeiture in case defendants failed to comply with his demand; the decision of the trial court in relieving them from this forfeiture for delay in performance of a condition subsequent was just and equitable. (*Kann* v. *King*, 204 U. S. 43; *Wheeling R. Co.* v. *Triadelphia*, 52 S. E. Rep. 499; *Noyes* v. *Anderson*, 124 N. Y. 175.) There was no sufficient tender made by plaintiff and the rulings of the court upon that question are free from error. (*Francis* v.

*Railroad Co.,* 108 N. Y. 93; *Jewell* v. *McIntyre,* 62 App. Div. 396; 172 N. Y. 638; *Douglass* v. *Scott,* 130 App. Div. 322; *Mincho* v. *Bankers Life Ins. Co.,* 124 App. Div. 578.)

CRANE, J. As the written agreement between the parties is the basis of this litigation, and as the construction of that agreement given by the courts below does not meet with our approval, it is necessary to set forth the instrument in full:

" THIS AGREEMENT, made this 25th day of January, 1924, between Wilmot P. Thompson and Mary Frances Thompson, his wife, of the Village of Goshen, N. Y., parties of the first part and Benjamin A. Abrams of Monticello, N. Y., party of the second part
" *Witnesseth:*

" WHEREAS, the said parties of the first part are the owners of a coal and feed store property at Campbell Hall, N. Y., which they have this day sold and conveyed to the party of the second part for the agreed consideration of $35,000 upon which said second party is to make a purchase money mortgage of $20,000; and

" WHEREAS, the said property seems to be subject to the lien of two certain mortgages made by the New York, Ontario & Western Railway Company, of record in the Orange County Clerk's office; and

" WHEREAS, the first parties as a part of the consideration of the conveyance this day made by them agree and undertake to procure a release and discharge of the said premises from the lien of the said mortgages;

" *Now, therefore,* this agreement witnesseth; that the said parties hereto have mutually covenanted and agreed as follows: The said parties of the first part agree to procure a release of said premises this day conveyed by first parties to second party, from the lien of the said mortgages made by said New York, Ontario & Western Railroad Company, within a reasonable time, and in the

event that the said parties of the first part shall fail to procure and file instruments releasing and discharging the property above described from the lien of said mortgages, within one year from this date, then it is understood and agreed that the mortgage above described for $20,000 made by second party to first parties, shall, at the election of the second party be and become null and void, and shall be canceled and discharged by second party, and that the said second party shall be entitled to a return of the purchase price paid by him over and above the said mortgage and second party shall reconvey the said premises unto the said first parties; and in the event that the first parties shall fail to cancel and discharge the said mortgage and to deliver the purchase moneys so paid to second party, then the said second party may be entitled to hold the said real property, and the said mortgage for $20,000 given by second party to first parties for a part of the purchase price shall be null and void.

"It is hereby understood and agreed that the first parties may have until one year from this date to procure the release and discharge above provided for.

"*In Witness Whereof*, the parties have hereunto set their hands and seals the day and year first above written.

"WILMOT P. THOMPSON [L. s.]

"MARY FRANCES THOMPSON [L. s.]

"BENJAMIN A. ABRAMS [L. s.]

" In Presence of

" Words ' at the election of second party ' on 1st page between 5th and 6th lines from the bottom, interlined before execution.

"HENRY B. MERRITT."

The defendants Thompson claimed to own certain real estate adjacent to the line of the New York, Ontario and Western Railroad Company at Campbell Hall, Orange county, N. Y., and contracted to sell the same to the plaintiff Abrams. Before the closing of title, plaintiff's

attorney discovered that two large blanket trustee mortgages theretofore given by the railway company were liens on the property. At the time of the sale by the defendants to the plaintiff, these railroad mortgages were in full force and effect and of record in the Orange county clerk's office, and the first mortgage was an actual lien on the property. This was a finding of the trial court. The above agreement was made in reference to these two mortgages. After the execution of the contract and in reliance thereon, the plaintiff accepted a deed to the property and executed a purchase-money mortgage for $20,000 which contained a recital that it was subject to the conditions of the contract for rescission. The mortgage was subsequently assigned to the defendant, the Merchants National Bank, which took it, charged with notice of this agreement. In addition to giving this purchase-money mortgage, the plaintiff paid $15,000 — $10,000 in cash and the balance in notes.

The Thompsons did not procure the release of the property in question from the lien of the railroad mortgages within the year provided by the contract, and thereupon Abrams, the plaintiff, notified them that he elected to exercise his option for rescission under the contract, as above set forth. The notice was given in writing on the last day of the year within which releases were to be obtained, and again shortly after the expiration of the year. If the plaintiff, under this agreement, was able to rescind, he expressed his choice to the defendants clearly and within proper time.

The defendants, refusing to recognize the plaintiff's right to rescission, the return of his purchase price and the cancellation of the mortgage, the plaintiff promptly brought this action asking for such a rescission, and the restoration of all parties to the *status quo ante* in accordance with equitable principles. The trial judge found the facts above stated. He determined, however, that the contract above mentioned provided another remedy

besides rescission, viz., that the $20,000 mortgage was to become null and void and forfeited — was to be canceled, the plaintiff keeping the property. "Equity," said the learned justice, "does not favor forfeitures." He, therefore, refused relief and dismissed the complaint. Certain personal property had been purchased by the plaintiff in connection with the feed and coal business conducted on the property, and as this had been used by the plaintiff in the operation of the business during the year, the justice also said that the parties could not be restored to their original status. He overlooked the fact that in the adjustment of the equities as prayed for in the complaint, proper deductions could be made for the use of the personal property from the purchase price to be returned.

We read this contract as giving the plaintiff an absolute right to rescission. This was the thing contracted and stipulated for; the title was closed with this inducement and understanding. The mortgages, or one of them, were found to be a lien upon the property. A written formal agreement was entered into whereby the defendants undertook to procure releases within the year. This contract states that if the Thompsons failed to procure the releases of the mortgage lien, the mortgage of $20,000 at the election of Abrams, is to become null and void and shall be canceled, and he shall be entitled to the return of the purchase price. In case the Thompsons fail to discharge the mortgage and deliver the purchase moneys, then Abrams may *hold* the real property, and the mortgage shall be null and void. This does not give the purchaser the right to hold the property in fee free of the mortgage. His election to rescind cancels the entire transaction, not only avoids the mortgage, but entitles him to the return of his purchase money. Of course he is to deed back the property and give up the lease on the adjoining property, which he likewise received. The Thompsons refused to pay back the purchase money

or to cancel the mortgage. The agreement gave Abrams the right to *hold* the property until he got back his money, to hold it as security for his money. Continuing in possession after bringing suit was according to his contract and not an election to affirm his bargain. (*Weigel* v. *Cook*, 237 N. Y. 136.)

A contract made with this definiteness for the very purpose of giving the plaintiff the right to rescind at a specified time upon the failure of performance is not to be redrafted or reformed by the courts; rather, it is a contract to be carried out. The defendants refused to accept the plaintiff's construction of the contract or to consider taking his deed. He, therefore, brought this action for rescission, tendering back a deed of the property, a reassignment of the lease and asking for an adjustment of the equities, which means that the courts are to determine how much of his purchase money is to be returned after proper deductions, if any, for the use during occupancy of the property purchased.

The trial justice received in evidence releases obtained from the railroad company prior to the trial of the action. The plaintiff having made his election pursuant to contract, the deal was off; he was then entitled to his money, and he brought this action to obtain it. Under this form of agreement, and in view of all the circumstances, his rights could not be affected by the procurement of the release in August of 1925, a year and seven months after the execution of the contract and after his suit in and for rescission. (*Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268, 287; *Mc Naught* v. *Equitable Life Assur. Soc.*, 136 App. Div. 774; *Harper, Inc.,* v. *City of Newburgh*, 159 App. Div. 695, 697; *Stevenson* v. *Marble*, 84 Fed. Rep. 23; Bispham Eq. [8th ed.] § 472; Pollock on Contracts, p. 608; *Thomas* v. *Coullas*, 76 Ill. 493.)

As to tender by the plaintiff of a deed reconveying the property to the defendants, it is sufficient to say that the trial justice found that there had been a sufficient tender,

but the attitude of the defendants, the repudiation of the contract and the refusal to accept the deed or cancel the mortgage made the tender alleged in the plaintiff's complaint sufficient to maintain this action. (*Vail* v. *Reynolds*, 118 N. Y. 297.)

A judgment was recovered by default against this plaintiff on the notes above referred to. This judgment would have been a lien upon the property in question if the default had not been opened and the judgment set aside. However, the notes formed part of this transaction; they were part of the consideration price for the property. They can be and should be dealt with on the new trial which must be had in this case.

For the reasons here stated, the judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.