David Ktjsnetz, J.
Plaintiff, the vendee under a contract dated November 12, 1955 for the purchase and sale of certain real property in Long Beach, Nassau County, brought an action in equity to cancel and rescind said contract, to recover the down payment of $1,500 and to have a vendee’s lien adjudged against the property in question for said down payment, with interest and costs, and the property to be sold under the direction of a referee to satisfy said vendee’s lien. A lis pendens in connection with this action was duly filed on January 23, 1956.
After trial, the court announced its decision canceling the contract and directing judgment to be entered for $1,500, with interest from January 15, 1956. Proposed findings and judgment were settled on notice and in connection therewith both parties submitted memoranda. Plaintiff urged that he was *250 entitled to a vendee’s lien and to the costs of the action. The defendant’s memorandum did not object to proposed conclusion of law numbered “ Fourth ” stating: “ That the plaintiff is entitled to a judgment of foreclosure of a vendee’s lien in the sum of $1,500.00, with interest thereon from January 15, 1956.” The findings proposed by the plaintiff, as amended by the court, were signed on April 23, 1957 and included said conclusion with respect to the vendee’s lien. The judgment, as proposed by the plaintiff and as signed by the court on April 23, 1957, made no provision whatsoever for the vendee’s lien.
By notice of motion dated June 12, 1957 plaintiff moved to resettle said judgment so as to provide for the foreclosure of the vendee’s lien in accordance with the conclusions of law, which provision, it was claimed, was inadvertently omitted from the judgment as originally proposed to and signed by the court. This motion was granted by default and the judgment was accordingly resettled on July 1, 1957.
On July 31, 1957 the defendant obtained an order to show cause, returnable August 13, 1957, for ‘1 re-argument to defendant upon plaintiff’s application to amend the judgment and why, upon such re-argument, the motion should not be denied.” By another order to show cause, dated August 5, 1957, returnable August 13, 1957, the defendant made a similar motion based upon a virtually identical affidavit as the one that was annexed to the first order to show cause. By a third order to show cause, dated August 6, 1957 and returnable August 13, 1957, defendant moved for an order permitting her to file security on appeal and for a stay of the execution of the judgment and the sale of the property by the referee to satisfy the vendee’s lien pending the disposition of the appeal. This order to show cause also contained a stay.
Both motions for reargument are denied. Defendant made no objection to the direction for the foreclosure of the vendee’s lien as contained in the findings proposed by the plaintiff, and the resettlement of the judgment that was granted by default merely corrected the inadvertent omission from the judgment of the necessary provisions to enforce said vendee’s lien. Inasmuch as the court’s formal decision, dated April 23, 1957, directed the foreclosure of the vendee’s lien, resettlement of the judgment was permissible to include directions for such enforcement which were initially omitted through inadvertence. (Matter of Bausch, 281 App. Div. 544.)
The defendant’s motion for a stay of the execution of that judgment is granted on condition that defendant file a surety undertaking to the effect that if the judgment appealed from *251 or any part thereof is affirmed, or the appeal is dismissed, she will pay the sum recovered or directed to be paid by the judgment or that part thereof as to which it is affirmed, and, in addition, that she will pay all costs and damages which may be awarded against her on the appeal not exceeding $500.
Settle order.