George M. Fanelli, J.
This is an action, tried before the court without a jury, for the return of a deposit paid upon the signing of a written contract to purchase certain real property located in North Pelham, New York. Both sides have agreed to waive findings of fact and conclusions of law.
Most of the facts appear undisputed: On December 13, 1955, the parties entered into a written contract wherein plaintiff purchaser agreed to purchase a one-family dwelling owned and then occupied by defendant seller. The said contract was prepared by defendant’s attorney and executed at the office of said attorney at which time plaintiff was not represented by counsel, although he was advised to engage one at the first attempt to close the title hereinafter referred to and the testimony indicates that he was accompanied at both closing attempts by a friend (Mr. Smith) who was a New Jersey attorney.
The purchase price was $16,700, of which $1,670 was paid as a deposit and the balance of $15,030 was to be paid upon the *190 delivery of the deed at the closing. The contract contained the following special provision: “ The performance of the terms and conditions to be performed on the part of the purchaser are conditioned upon the purchaser securing a &. I. Mortgage in the sum of $12,700.00. If the purchaser shall be unable to receive a mortgage commitment for this amount within a period of six weeks then at his option this contract may be declared null and void by giving notice in writing to the attorney for the seller, in which event the moneys deposited hereunder shall be returned to the purchaser and the rights of both parties as against the other shall be terminated and neither shall have any further right against the other ” (emphasis supplied).
The closing date specified in the contract was March 1, 1956 (through typographical error, it was March 1, 1955). While plaintiff was unable to receive a mortgage commitment witliin the said six-week period, nevertheless, by mutual consent, said time was extended with the result that on April 19, 1956, such commitment for $12,700 was obtained by plaintiff from the All-County Funding Corp. A copy of this commitment indicating, among other things, that a title search and survey had already been received by said company and requesting that arrangements be made for a closing date, was forwarded by plaintiff to defendant’s attorney on April 25,1956. Thereafter, on June 15, 1956, the parties met at the office of said mortgage lending institution with the view and purpose of closing simultaneously both the fee and mortgage transactions. However, the closings did not take place for the reason that certain objections to defendant’s title were disclosed by the title company report furnished by the title company insuring the proposed mortgage loan. As a result, by mutual consent, the closings were adjourned to August 2, 1956. On said latter date, all parties again met, and again, title did not close because of the fact that these objections and possibly another one, known for the first time by defendant’s attorney, had not yet been cleared. Again, by mutual consent, the closings were adjourned — this time, without date. Thereafter, while defendant was endeavoring to clear the objections raised and was, during the latter part of September, 1956, evidently ready to deliver the deed free from all incumbrances excepting those specified in the contract, difficulties were encountered with the mortgage lending company which apparently was then no longer interested in making the mortgage loan on this property to plaintiff. This fact was also recognized by defendant’s attorney, who had likewise experienced similar difficulties along these lines and on October 10, 1956, he notified plaintiff in writing that unless the closing was *191 consummated on October 19, 1956, he would advise his client (defendant) to consider the contract null and void and to put the house back on the market for sale. No further efforts were made by plaintiff to close the title and defendant resold the house to a third party in April, 1957.
After a careful consideration of all the testimony, the court is of the opinion that the circumstances of this case are favorable to the plaintiff. There is no question but that both parties in good faith endeavored to consummate this transaction and close title. Plaintiff made preparations to move into the house immediately after the first attempt to close the title and, at both the June and August meetings, he was ready, willing and able, financially and in all other respects, to close the title. Defendant, on the other hand, vacated the house prior thereto so that he could deliver possession to plaintiff as required of him by the contract of sale. The difficulty with defendant’s position, however, is that the contract is conditional upon plaintiff’s securing a Gr. I. mortgage of $12,700. Obviously, without such mortgage proceeds, plaintiff was not financially able to purchase the house and defendant was well aware of this fact. Whether or not the delay encountered by reason of defendant’s efforts to clear the objections to the title materially contributed in any way toward the already committed lending institution changing its mind and plaintiff’s ultimate inability to secure this mortgage, is a matter which this court is not now called upon to determine. What is undisputed, however, is the fact that on both the June and August meetings, the said lending institution was apparently ready, willing and able to advance the required mortgage proceeds of $12,700 and had defendant’s title been unencumbered on those occasions, or had satisfactory arrangements then been made with the title company by way of escrow deposits to discharge the liens, title would no doubt have passed.
The entire factual situation in this case is most unfortunate, but the court cannot now make a new agreement for the parties, nor will it by judicial determination place a strained construction upon the unambiguous provisions thereof, particularly in the absence of any factual showing that plaintiff acted in bad faith and upon an unjustifiable view on his part. The contract specifically stated that “ performance * * * on the part of the purchaser (plaintiff) are conditioned upon the purchaser securing a CE I. Mortgage in the sum of $12,700.00 * * * ” (emphasis supplied). Here, the condition precedent was not fulfilled through no fault on the part of the plaintiff and, under the circumstances, plaintiff was excused from performance (cf. Meyer v. Custom Manor Homes, 4 A D 2d 488).
*192 The authorities cited and relied upon by defendant in his memorandum are factually distinguishable from the present case and, consequently, are inapplicable.
Plaintiff is entitled to a judgment for the sum of $1,670. All motions upon which decision was reserved and not otherwise hereby disposed of, are denied. This decision constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Submit judgment on notice. Counsel will please call for exhibits at clerk’s office.