█ CHARLES ZIGMAN, Respondent, v. HELEN MCMACKIN, Appellant.— In an action by the vendee to recover a payment made pursuant to an agreement for the purchase and sale of real property, the appeal is (1) from the resettled judgment dated July 1, 1957 (designated in the notice of appeal as an amended judgment) in favor of respondent for the amount of the payment made, with interest, which judgment also directs the foreclosure of the vendee's lien in the amount of the sum found to be due to him, with

interest, costs and an additional allowance, (2) from the original judgment dated April 23, 1957, (3) from so much of an order dated July 1, 1957 resettling the original judgment as granted respondent costs and additional allowances (notice of appeal dated July 30, 1957), (4) from all of said order dated July ?, 1957, (notice of appeal dated October 23, 1957), and (5) from so much of an order dated September 19, 1957 as denied appellant's motion to reargue respondent's application to resettle the judgment. Appeals from original judgment and order dated July 1, 1957 dismissed, without costs. The original judgment has been superseded by the resettled judgment and is consequently not appealable. If it be assumed that the notice of appeal dated October 23, 1957 from the order dated July 1, 1957 was timely, the order appealed from was, nevertheless, entered on appellant's default, and is not appealable. Resettled judgment and order dated September 19, 1957, insofar as appealed from, unanimously affirmed, with costs. No argument is made in appellant's brief with respect to this order, nor is any relief requested with respect to it therein. We assume that the appeal from this order has been abandoned. In any event, reversal is not required. Although the order is designated as one denying a motion to reargue, which would not be appealable, it may perhaps be considered as one for reconsideration on additional papers. However, the Special Term was not required to grant the motion made with respect to an order granted on default in the absence of a showing of facts excusing the default. The contract was conditional and contained the following provision: " The purchaser is obligated to apply for a purchase money mortgage loan of not more than $10,000.00 (Ten Thousand Dollars) at 5% to be due in 15 years or longer which said mortgage will be a first mortgage upon the premises described. If after due diligence on the part of the purchaser such mortgage loan cannot be secured prior to the 15th day of January 1956 the purchaser or the seller shall have the right to immediately cancel and surrender this contract and receive back the portion of the purchase price paid under this contract, whereupon all rights hereunder shall cease and terminate." Appellant contends that this clause required the vendee to close title if he secured a commitment for a mortgage loan in the amount of $10,000 or any amount less than $10,000, or in any event if he should secure such a commitment in an amount reasonably close to $10,000. This was obviously not the intention of the parties. We conclude, as did the Special Term, on consideration of the contract itself, the evidence adduced as to the circumstances surrounding its execution, and the purposes the parties sought to accomplish (cf. *Malbone Garage* v. *Minkin,* 272 App. Div. 109, 112, affd. 297 N. Y. 677), that it was the intention of the parties to the contract that respondent was to apply for a mortgage loan in such amount as he should consider necessary for his purposes, not to exceed $10,000, and that if he was unable, with due diligence to secure a commitment for a mortgage loan in the amount applied for *prior to* January 15, 1956, he should have the right to terminate the contract and to recover whatever he had paid upon the purchase price. The Special Term found that respondent was unable to secure such a mortgage loan, despite due diligence, by the date provided, and the finding that he exercised due diligence is not questioned. Not having obtained the commitment *prior to* January 15, 1956, respondent had the absolute legal right to terminate the contract, and we see nothing unfair or inequitable in permitting him to act in accordance with his rights under the contract, even though a commitment was secured for a loan in the amount applied for after the date provided in the contract (cf. *Abrams* v. *Thompson,* 251 N. Y. 79; *Graf* v. *Hope Bldg. Corp.,* 254 N. Y. 1). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ. [8 Misc 2d 249.]