■ WILLIAM PATTERSON, Respondent, v. ALFONSE MARCHESE, Appellant. — In an action by a vendee named in a contract for the purchase and sale of real property to recover $1,670 paid on the signing of the contract, and for other relief, the appeal is from a judgment, entered after trial, in favor of respondent for $1,975.98, representing the payment made by respondent with

interest and costs. Judgment unanimously affirmed, with costs. The contract contained the following provisions: "The performance of the terms and conditions to be performed on the part of the purchaser are conditioned upon the purchaser securing a G. I. mortgage in the sum of $12,700.00. If the purchaser shall be unable to receive a mortgage commitment for this amount within a period of six weeks then at his option this contract may be declared null and void by giving notice in writing to the attorney for the seller, in which event the moneys deposited hereunder shall be returned to the purchaser". Respondent, after an extension of time, received the commitment, but on the adjourned date set for closing appellant was unable to deliver a title satisfactory to the title company insuring the title. After further adjournments, the last without date, the title was cleared, and appellant notified respondent that unless the closing should be consummated by a stated date the contract would be declared null and void, and the property put back on the market. Respondent was unable to close title because the corporation which had agreed to make the loan was no longer willing to do so, and the property was sold by appellant about six months thereafter. The Special Term held that the quoted clause, which conditioned performance by respondent upon his procuring a mortgage, created a condition precedent which, through no fault on respondent's part, was not fulfilled, and that respondent was therefore excused from performance. We are in agreement with this conclusion. The clause in question was inserted in the contract for respondent's protection, apparently with the understanding that unless he procured the mortgage loan it would be impossible for him to perform the contract on his part. This being so, he was not in default since, through no fault of his, the condition was not fulfilled, and cases such as *Lawrence* v. *Miller* (86 N. Y. 131), which hold that a purchaser who has defaulted in the performance of an executory contract of purchase and sale cannot recover payments made to the seller on account of the purchase price, are not controlling. (Cf. *Momberger* v. *Maleca Co.*, 82 N. Y. S. 2d 190, affd. 274 App. Div. 932, affd. 299 N. Y. 555; Restatement, Contracts, § 468, subd. 1.) Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ. [12 Misc 2d 189.]