■ IRVING LEVINE et al., Appellants, v. CHARLES M. ROBIN et al., Respondents.— Judgment of the Supreme Court, Suffolk County, dated June 22, 1965, reversed, on the law and the facts, with costs, and judgment directed to be entered in favor of plaintiffs for the return of their down payment, $2,800, plus interest from August 8, 1963, and dismissal of the counterclaim, with costs. Findings of fact inconsistent herewith are reversed and new fiindings are made as indicated herein. In our opinion, it was not necessary for plaintiffs, before canceling the contract, to await the decision of the Veterans' Administration on the renewed application for a mortgage commitment, since it was apparent that the application would, in any event, be denied because of the unavailability of a proper certificate of occupancy. The law does not require a party to await the happening of a condition which, without the fault of such party, is incapable of fulfillment (cf. *Momberger* v. *Maleca Co.*, 82 N. Y. S. 2d 190, affd. 274 App. Div. 932, affd. 299 N. Y. 555). Under the circumstances, plaintiffs' cancellation was timely made and did, in fact, effect a cancellation of the contract. Consequently, plaintiffs were relieved from proceeding any further and were entitled to the return of their down payment. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur. [46 Misc 2d 324.]

■ DEAN MEADOWS, an Infant, by FRANCES MEADOWS, His Guardian ad Litem, et al., Appellants, v. WILLIAM PLESS, Respondent.— Judgment of the Supreme Court, Nassau County, entered December 8, 1964, affirmed, without costs (*Acevedo* v. *City of New York*, 15 A D 2d 899, affd. 17 N Y 2d 843; *Brianzi* v. *Crane Co.*, 196 App. Div. 58). Appeal from decision dismissing complaint at the end of plaintiffs' case dismissed, without costs. No appeal lies from a decision. Ughetta, Acting P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.

■ LEONARD MEYEROWITZ, Appellant, v. MODERN METAL STORE FRONT Co., INC., et al., Respondents, et al., Defendant.— Judgment of the Supreme Court, Nassau County, entered March 3, 1966, affirmed insofar as appealed from, with a single allowance of costs to respondents jointly, and with disbursements to each respondent separately. Ughetta, Acting P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., concurs in the affirmance with respect to respondent Modern Metal Store Front Co., Inc., but dissents from the affirmance with respect to respondents Samuel Zeluck and Plymouth Decorators and votes to reverse the judgment and to direct a new trial with respect to the two latter respondents, with the following memorandum: In my opinion, the proof was sufficient to present a prima facie case that Samuel Zeluck, as owner of the premises and as a partner of Plymouth Decorators, failed to provide plaintiff with a safe place to work. The issues of constructive notice and contributory negligence were questions of fact for the jury (cf. *Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112, 116; *Hanson* v. *Bloomingdale Bros.*, 13 A D 2d 1007).