■ DAVID J. STOTZ et al., Appellants, v ROBERT N. CLEVELAND et al., Respondents.—Appeal (1) from an order of the Supreme Court at Special Term, entered November 24, 1975 in Tompkins County, which granted a motion by defendants for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. The parties hereto executed an agreement, dated August 9, 1974, for the sale of certain real property owned by plaintiffs. This agreement contained a typical proviso that defendants be able to obtain certain mortgage financing which, as pertinent, recited that: "This contingency is to be removed by August 26, 1974, or this offer becomes null and void and deposit made shall be returned to the buyer immediately." Application for the specified mortgage was made by defendants on August 12, 1974, but approval by the lending institution was not indicated until they received a letter to that effect dated September 11, 1974. Defendants' attorney advised plaintiffs' attorney by letter dated September 17, 1974, that defendants elected to treat the purchase offer null and void in accordance with its terms. In this action for specific performance, defend-

ants moved for summary judgment dismissing plaintiffs' complaint and that relief was granted by Special Term. There should be an affirmance. The condition imposed was, in all respects, reasonable under the circumstances. Defendants were entitled to rely upon their rights under the plain language of the contract, an instrument prepared by or on behalf of plaintiffs, and gave timely notice of their decision to do so *(Patterson v Marchese,* 10 AD2d 639; *Zigman v McMackin,* 6 AD2d 907). Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.