■ MEC-GUY REALTY CORPORATION, Appellant, v AMERADA HESS CORPORATION, Respondent.—In an action to recover damages for breach of a lease agreement, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered December 30, 1977, which is in favor of defendant, upon the trial court's granting of defendant's motion pursuant to CPLR 4404 to set aside the jury verdict in favor of plaintiff. Judgment affirmed, with costs. Whether the instrument executed by the parties was a lease or an agreement to lease is a matter of little or no moment under the factual circumstances of the case. The controlling factor is the clause in the document that if all governmental approvals were not obtained by Septem-

ber 30, 1972—extended by letter agreements—Hess (defendant) would be entitled to terminate the agreement "without any further liability hereunder." Plaintiff was accorded the same right. The time came when an impasse developed over lighting arrangements at the premises, and Hess notified the plaintiff that it was withdrawing from the negotiations because of the failure to obtain the necessary governmental approval. Since Hess, by giving notice of termination as called for in the contract, did precisely what the instrument permitted (see *Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955; *Abrams v Thompson,* 251 NY 79, 86), any question of bad faith as claimed by the plaintiff is irrelevant. Hopkins, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.