■ JANE H. CUTLER, Respondent, v DANIEL I. KONOVER, Appellant et al., Defendants. — In an action for specific performance of a contract for the sale of real property, in which defendant Daniel Konover counterclaimed for

the return of his down payment, he appeals from so much of a judgment of the Supreme Court, Rockland County, entered October 11, 1979, as, after a nonjury trial, dismissed the counterclaim. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and judgment is granted to defendant Daniel Konover on his counterclaim. The parties executed an agreement, dated August 30, 1973, for the sale of certain real property owned by plaintiff. The sale was conditioned on plaintiff obtaining a zoning change for the property, within six months, to enable the appellant to build a shopping center on the property. Subsequent modifications by the parties extended the deadline for rezoning until August 30, 1974. No change in zoning was procured and the appellant notified plaintiff on August 29, 1974 of the cancellation of the contract, in accordance with its terms. Subsequently, the plaintiff commenced this action for specific performance of the contract and the appellant counterclaimed for the return of his down payment. The trial court dismissed both the complaint and the counterclaim and with respect to the latter held that because of the appellant's "total domination of the *** activities of [plaintiff's attorney]" he must be "estopped *** in claiming the benefit of the condition precedent in this contract." The record reveals that the appellant retained the same attorney who represented the plaintiff on the rezoning application to obtain a rezoning of a parcel contiguous to the plaintiff's property. This was not inconsistent with the plaintiff's obligation to obtain a change in zoning. Since the interests of the parties on zoning matters were identical, and since plaintiff consented to the attorney's dual representation, it was not unethical for the attorney to continue such multiple employment (see Code of Professional Responsibility, DR 5-105, subd [c]; 7A CJS, Attorney and Client, § 152). Concededly, plaintiff had a different attorney representing her in the preparation and execution of the sales contract. Moreover, none of the assailed activities contributed to the failure to obtain a rezoning of the parcel. The trial court correctly held that a change in zoning was unlikely in any event. While "a party cannot insist upon performance of a condition precedent when its nonperformance has been caused by the party itself" (see *Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177, 181), the appellant has substantially complied with his obligation to cooperate with the seller, i.e., to submit information necessary for the zoning application. Appellant was "entitled to rely upon [his] rights under the plain language of the contract, an instrument prepared by or on behalf of [plaintiff], and gave timely notice of [his] decision to do so" *(Stotz v Cleveland,* 53 AD2d 787, 788; see *Johnson v Werner,* 63 AD2d 422; *Zigman v McMackin,* 6 AD2d 907, mot for rearg den 6 AD2d 1044). Upon appellant's effective rescission of the contract, he was entitled to a return of his down payment, in accordance with the contract (see *Ballin v Larkin,* 36 AD2d 530). We also note that the trial court correctly allowed plaintiff's counsel to read into evidence his client's deposition, since an adequate foundation was laid to establish that plaintiff was unable to attend the trial because of sickness (see CPLR 3117, subd [a], par 3, cl [iii]; *Wojtas v Fifth Ave. Coach Corp.,* 23 AD2d 685). The trial court's decision was amply based on a doctor's statement that plaintiff was too sick to travel (see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3117.07). Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.