■ FRANCIS J. CONE et al., Appellants, v RICHARD T. DAUS et al., Respondents.—Casey, J. Appeal (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered June 13, 1985 in Rensselaer County, which, *inter alia*, granted the motion of defendants Richard and Kimberly Daus for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On March 26, 1984, plaintiffs entered into a contract to sell certain real property located in the Town of Poestenkill, Rensselaer County, to defendants Richard and Kimberly Daus

(hereinafter defendants). The contract was in the standard form used by the Rensselaer County Board of Realtors and contained two contingencies. One of these contingencies, contained in paragraph 5, required a water purity analysis by the County Health Department. As a result of this analysis, defendants were notified that the septic system was "caving in". Defendants offered to pay one half of the cost of repairing this system, but limited their total expenses for this repair to $750. Plaintiffs agreed and accordingly initialed the contract.

The other contingency, which is the primary issue on this appeal, is contained in paragraph 4 of the contract and conditions its effect on defendants obtaining a conventional mortgage loan of $19,200, with defendants being required to use diligent efforts to obtain such loan. After execution of the contract, defendants made application to the Home and City Savings Bank for the mortgage. On May 8, 1984, that bank made the mortgage commitment, but expressly conditioned it on the satisfaction of a number of provisions, all of which were satisfied with the exception of the water flow requirement. In this regard, the bank required certification by a recognized well driller that the water flow from the well located on the premises would produce a minimum of five gallons per minute for four hours. Defendants hired Charles Rockwell Plumbing & Heating to conduct the test on June 7, 1984. The well was found to produce the required five gallons per minute, but only for a period of 16 minutes. The plumber concluded that the well did not pass the requirement, nor did it comply with the general specifications required for wells in the area. Defendants contacted plaintiffs and requested that plaintiffs have the existing well dug deeper or dig a new well. Plaintiffs refused. Thereupon, the bank withdrew its commitment for the mortgage loan for the sole reason of "the inadequate water supply".

Recognizing their inability to comply with the contract of purchase, defendants decided to annul it and demanded return of their earnest money deposit in the amount of $1,000. Plaintiffs refused and subsequently commenced the instant action against defendants and the two real estate agencies involved. Defendants answered and counterclaimed for the return of their deposit. The motion of defendants for summary judgment dismissing the complaint and for judgment on its counterclaim was granted by Special Term. We affirm.

The contract contained the usual mortgage contingency clause which has been construed to create a condition precedent. When such a condition is not fulfilled through no fault

of the purchasers, their performance is excused *(Patterson v Marchese,* 10 AD2d 639). As long as the purchasers exert a genuine effort to secure the mortgage financing and act in good faith, they are entitled to rely on the contract and may recover their down payment if the mortgage is not, in fact, approved *(see, Stotz v Cleveland,* 53 AD2d 787, 788). Here, defendants clearly made such an effort to comply with the conditions set forth in the conditional mortgage commitment from the bank. They satisfied all the conditions that they could. They agreed to pay one half of the costs to repair the faulty septic system. Their financing failed because of the water flow deficiency. Given that the requirement was standard in their area, defendants were not required to make other applications to other financial institutions. The law does not require a party to fulfill a condition of a contract that is incapable of fulfillment and is not that party's fault *(Levine v Robin,* 27 AD2d 747).

Additionally, in the face of defendants' motion, plaintiffs procedurally failed to demonstrate the existence of a triable issue of fact by the tender of proof in admissible form *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276). Plaintiffs' reliance on an unsworn affidavit that was merely conclusory in nature was insufficient to defeat defendants' motion. The determination of Special Term should in all respects be affirmed.

Order and judgment affirmed, with costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.