OPINION OF THE COURT
Emily Jane Goodman, J.
The defendant, charged with unlawful imprisonment in the second degree and sexual abuse in the third degree, moves to dismiss the unlawful imprisonment charge under the "merger doctrine”.
The merger doctrine precludes conviction for various offen *454 ses codified under Penal Law article 135 where the offense is so much a part of another substantive crime that the latter could not have been committed without the first (People v Cassidy, 40 NY2d 763, 767). The doctrine is of judicial invention and should therefore be used cautiously so as to not disturb the Legislature’s statutory scheme. Originally applied to the merger of kidnapping charges (People v Levy, 15 NY2d 159, cert denied 381 US 938), its purpose was to "prevent gross distortion of lesser crimes into a much more serious crime by excess of prosecutorial zeal.” (People v Miles, 23 NY2d 527, 540.)
The merger doctrine is only applicable when a particular detention is incidental to and inseparable from another substantive crime as opposed to an independent restraint. (See, People v Cassidy, supra, at 768.) Making such a determination is a fact-specific process. The timing of the events is crucial. Thus merger has been denied when a robbery was fully consummated before the unlawful imprisonment occurred (People v Smith, 47 NY2d 83); when the unlawful imprisonment occurred before a defendant had formed an intent to commit sexual abuse (People v Hatch, 105 AD2d 549); when the unlawful imprisonment continued after completion of a rape (People v Brown, 112 AD2d 1087); or when the passage of time between the two crimes precluded merger (People v Smith, 77 AD2d 712). The means employed to detain a victim may also be crucial since the doctrine will not be applied when the manner of detention is so grave that it constitutes a separately cognizable offense. (People v Miles, supra.) In light of the foregoing a motion to dismiss under the merger doctrine a count of unlawful imprisonment from an otherwise sufficient complaint is premature when the fact-finding process has not yet taken place.
The People have wide latitude in the charging process. Where legally sufficient charges have been brought alleging conduct proscribed in the Penal Law, it is not the province of the judiciary to disturb the prosecutorial and legislative functions absent a sound basis for doing so. A misdemeanor information requires that the People present a prima facie case that supports the charges and the defendant’s commission thereof. (People v Alejandro, 70 NY2d 133.) The prosecutor is not required at this stage to present all of the facts pertinent to the case. Yet, it is only on a hearing of all the facts that the court can conclude that the merger doctrine should or should not apply. Since the intent of the merger *455 doctrine is to "preclude conviction [for unlawful restraints for which] * * * independent criminal responsibility may not fairly be attributed” (People v Cassidy, supra, at 767), a ruling that the merger issue await the fact-finding process does not thwart the purpose of the doctrine. Nor does such a ruling impermissibly prejudice the defendant, since the motion can be made at the end of the People’s case, and, if not granted then, when both sides have rested. Should the case go to the jury, and the defendant be found guilty on both counts, this motion to merge the charge of unlawful imprisonment can be renewed before the Trial Judge. On the other hand, should the defendant be found guilty only of the unlawful imprisonment he will be sentenced on that charge, since there will be no other offense into which this charge can merge, and the Legislature’s intent to impose criminal liability for this type of conduct will not be disturbed. (People v Poladian, 138 Misc 2d 772, 774.)
The defendant’s motion to dismiss the charge of unlawful imprisonment is denied without prejudice to renew at the proper time before the Trial Judge who will have all the facts necessary to decide the motion.
The defendant’s motion for a Huntley hearing is granted to be held on a date set by the calendar Judge.