**Griffith B. PRICE, Jr., and Maria Helena Price, Plaintiffs,**

v.

**Andrzej BARTKOWIAK and Aileen Getty Wilding, Defendants.**

**No. 88 Civ. 2396 (RWS).**

United States District Court, S.D. New York.

June 13, 1989.

Hannaway & Fannon, New York City, for plaintiffs.

Stein, Davidoff & Malito, New York City, for defendants; Jack E. Bronston, of counsel.

## OPINION

SWEET, District Judge.

Defendants Andrzej Bartkowiak ("Bartkowiak") and Aileen Getty Wilding ("Wilding") move pursuant to Fed.R.Civ.P. 56 for summary judgment on their counterclaim and dismissing the complaint. Plaintiffs Griffith B. Price Jr. and Maria Helena Price ("the Prices") cross move for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the Prices' motion for summary judgment is granted.

*The Parties*

The Prices are citizens of the District of Columbia. From March of 1980 until December 31, 1987 they were the record owners of residential real property located at 219 Pelhamdale Avenue, Pelham, New York ("the premises").

Bartkowiak was a television and film producer and Wilding is a granddaughter of J. Paul Getty and a daughter-in-law of Michael Wilding and Elizabeth Taylor.

Milbank, Tweed, Hadley & McCloy ("Milbank") is a New York law firm acting as escrow agent under the contract for sale of the premises.

*Prior Proceedings*

The Prices filed the complaint in this action on April 6, 1988. Bartkowiak and Wilding commenced their action in the New York State Supreme Court on approximately the same date. Plaintiffs entered a default judgment in the Federal Court action on June 28, 1988. By stipulation, the default judgment was vacated and the State Court action was withdrawn on August 29, 1988 leaving only the action in this court. Bartkowiak and Wilding, by answer on August 22, 1988, brought a counterclaim against the Prices. Bartkowiak and Wilding moved for summary judgment on January 12, 1989. The Prices cross-moved for summary judgment on January 27, 1989.

Discovery has been had and no dispute has been presented with respect to the facts, just the conclusions to be reached on what has been established on the record. The motions were considered on affidavits, argued and fully submitted on February 10, 1989.

*The Facts*

On or about June 15, 1987, Wilding and Bartkowiak, as purchasers, entered into a written contract (the "Contract") with the Prices, as sellers, for the sale and purchase of the premises at an agreed upon purchase price of $599,500. Pursuant to the Contract, Bartkowiak and Wilding made a down payment of $59,950 to Milbank as escrowee to be held by Milbank until the closing or earlier termination of the contract.

The Contract contained the following mortgage commitment condition:

28(a) The obligations of Purchaser hereunder are subject to the issuance of a commitment letter by a commercial bank, savings and loan association or insurance company to Purchaser, on or before the date which is 45 days from the date hereof (a copy of which letter shall be furnished to Seller promptly after receipt thereof), pursuant to which the institution agrees to lend not less than $399,-500.00, at the prevailing market interest rate, for a term of at least 25 years secured by a mortgage on the premises.
(b) Purchaser shall apply for the loan, shall furnish to the institution, within 5 days from the date hereof, accurate and complete information on purchaser and members of Purchaser's family, as required, and shall advise Seller of the name and address of the institution to which such application has been made and the date upon which it was made.
(c) Purchaser shall except any commitment complying with the terms of subparagraph (1) hereof, if issued, and shall pay any application, appraisal, commitment or other fees in respect of the loan, and shall comply with the requirements of the commitment letter.
(d) If the aforementioned commitment letter is not issued by the date provided for in subparagraph (a) hereof, Purchaser shall have the right to terminate this contract on notice given not more than 5 days thereafter, and in such event the Fund shall be returned to Purchaser, and the parties hereto shall be relieved of and from any further liability hereunder.

Bartkowiak and Wilding prepared and submitted an application for a mortgage commitment to The Chase Manhattan Bank ("Chase") of $450,000 for a term of 30 years on July 11, 1987, three weeks after the deadline set in the Contract. Bartkowiak and Wilding never notified the Prices of this application. However, they furnished Chase with all of the information they required including financial records, two years' tax returns, Bartkowiak's employment agreement and other records on June 11, 1987. Milbank also furnished two letters to Chase summarizing Wilding's entire financial position or lack thereof.

On or about July 28, 1987, Chase advised Bartkowiak and Wilding that their application for a loan had been denied because they did not have a sufficient credit rating. By letter dated July 31, 1988, Bartkowiak's and Wilding's attorneys notified the Prices that their application for a loan had been denied, that they were unable to obtain a mortgage commitment letter in accordance

with paragraph 28(a) of the Contract, and that the Contract terminated pursuant to paragraph 28(d) and sought the return of the escrow.

When the broker became concerned about arrangements for the closing and tried to reach the defendants by telephone and certified letter, Bartkowiak and Wilding did not respond. Bartkowiak and Wilding stated to the broker that they intended to rely on Wilding's assets for the down payment at the time of contract and for the $200,000 additional cash and upon Bartkowiak's income to meet their mortgage loan payments. Accordingly the Prices refused to instruct Milbank to release the escrow on the ground that Bartkowiak and Wilding had breached the Contract. Instead the Prices requested that the down payment, together with accrued interest, be paid to them. Bartkowiak and Wilding refused this request.

Subsequently the Prices sold the premises to a third party for $545,000 on December 30, 1987. The Prices thereupon commenced this action for damages resulting from Bartkowiak's and Wilding's alleged breach of contract, including carrying costs and expenses associated with the later sale and the difference between the price for which the premises were sold and the price for which Bartkowiak and Wilding contracted.

### Standard for Summary Judgment

Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *See id.* at 247–48, 106 S.Ct. at 2509–10; *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). All doubts are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom

summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied,* —— U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (1983). The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### The Loan Application

A mortgage contingency clause has been construed to create a condition precedent in a real estate contract. *Patterson v. Marchese*, 10 A.D.2d 639, 196 N.Y. S.2d 903 (2d Dep't 1960). Mortgage commitment clauses have been found to be for the sole benefit of the purchaser. *Foster v. Lall*, 135 Misc.2d 919, 516 N.Y.S.2d 570, 571 (N.Y.Sup.Ct.1987). The purchasers in such a contract are required to exert a genuine effort to secure the mortgage financing and act in good faith. *Cone v. Daus*, 120 A.D.2d 788, 501 N.Y.S.2d 523 (3rd Dept.1986). When the condition is not fulfilled through no fault of the purchasers, they are entitled to rely on the contract and may recover their down payment if the mortgage is not, in fact, approved. *See Stotz v. Cleveland*, 53 A.D.2d 787, 384 N.Y.S.2d 540 (3d Dep't 1976); *Cone v. Daus*, 501 N.Y.S.2d 523.

The satisfaction of the mortgage contingency clause is an issue of law. Where contractual language is plain on its face, it should be so construed as a matter of law in the summary judgment context. *See Sutton v. East River Savings Bank*, 55 N.Y.2d 550, 554–55, 435 N.E.2d 1075, 450 N.Y.S.2d 460 (N.Y.1982). The court's function is to interpret the contract to result in a "realization of reasonable expectations." *Slatt v. Slatt*, 102 A.D.2d 475, 477 N.Y.S.2d 178 (1st Dep't 1984); *aff'd,* 64

N.Y.2d 966, 488 N.Y.S.2d 645, 477 N.E.2d 1099 (1985).

■ The terms of the rider to the Contract clearly state that the mortgage commitment letter must be for "at least" 25 years and "at least" $399,500. The reasonable expectations of the parties warrants reading these terms to mean exactly what they say, a mortgage commitment that is equal to the minimums set forth in the Contract. If Bartkowiak and Wilding had wanted to obtain a loan exceeding those terms, the Contract could have explicitly said so.

In the absence of direct New York authority, the Prices cite *Smith v. Evans*, Tex.Civ.App., 620 S.W.2d 627, 628 (1981), holding that where a purchaser does not apply for a loan "on the specified terms" of the contract, the condition necessary for termination of the contract has not been met. However, New York law recognizes that when a contract makes a purchaser's obligations subject to the closing of a loan, the risk is shifted to the seller. *People v. Melendez*, 141 Misc.2d 453, 533 N.Y.S.2d 361 (N.Y.Sup.Ct.1988). It is within the seller's power to modify any such conditional provisions to include such phrases as "unless the failure of the loan to close is due to an act or omission of the purchaser." *Id.* There is no such language here, nor any language of "best efforts" or "due diligence." *See Grossman v. Lowell*, 703 F.Supp. 282 (S.D.N.Y.1989); *Phillipe v. Thomas*, 3 Conn.App. 471, 489 A.2d 1056 (1985). However, the seller is still protected by the good faith requirement which here does not produce "an absurdly harsh result." *Super v. Lux*, N.Y.L.J. November 2, 1988, at 22, col. 1 (N.Y.Sup.Ct. Nov. 2, 1988).

*Good Faith*

No citations have been offered as to whether an application for a mortgage commitment loan for a higher sum and longer period than the minimum listed in the contract constitutes bad faith. However, the facts of the case indicate that Bartkowiak and Wilding did not act in good faith in applying for the thirty year mortgage.

■ It is the seller's burden to prove that the purchasers failed to take good faith efforts to comply with the terms of the contract. *Fougere v. Weinrebe*, 1988 WL 21821, 1988 U.S. Dist. LEXIS 1821 (E.D.Pa.1988), *aff'd without op.*, 856 F.2d 183 (3rd Cir.1988). "Parties to a contract are presumed to act sensibly in regard to it." *Lux*, (N.Y.S.Ct. Nov. 2, 1988) and therefore buyers, who through their actions bring about a failure to satisfy a condition may not claim the benefit of that failure.

■ The Prices present sufficient evidence of bad faith as to the loan application to prove breach of the Contract. Bartkowiak and Wilding have submitted no evidence of an attempt to obtain the mortgage at lower terms. Nor do they present any reasons for why they pursued this higher priced and longer-term mortgage.

Bartkowiak and Wilding represented to the broker that Wilding had sufficient funds to cover the down payment and the additional $200,000 cash to be paid for the purchase of the house but omitted this representation to the bank. Whether or not Bartkowiak and Wilding were required to supply information not requested by the bank, *see Fougere v. Weinrebe*, 1988 WL 21821, 1988 U.S. Dist. LEXIS 1821, the representation in this context supports a finding of bad faith. Thus financial disclosure is required of both Bartkowiak and Wilding.

Under the "good faith and fair dealing" standard, as purchasers they have defaulted on the contract. *Friend v. McGarry*, 141 Misc.2d 479, 533 N.Y.S.2d 357, 359 (N.Y.Ct.1988). There are therefore no material issues of fact.

*Conclusion*

For the reasons set forth above, summary judgment is granted in favor of the Prices.

Submit judgment on notice.

It is so ordered.