*565 OPINION OF THE COURT
George M. Heymann, J.
In this holdover proceeding, counsel for the respondent, Maria Gonzalez, moves this court pursuant to CPLR 3117 (a) (3) (iii) to have her deposition, taken on April 9, 2004, read in its entirety or in part into the trial record in lieu of having her testify in person.
In support of the motion, counsel submits an affirmation from the respondent’s physician which sets forth five conditions that the 75-year-old tenant suffers from and concludes that “[d]ue to these impairments, their symptoms and the health risks, traveling to court and providing testimony in a contested proceeding is medically contraindicated. Moreover, her dementia would in any case limit her ability to recall and cause her to become confused.”
Respondent’s counsel argues that this is sufficient for the court to grant such relief.
Counsel for the petitioner opposes the motion on the grounds that it must be made before the trial court and that he, counsel, should be given the opportunity to cross-examine the physician as to the respondent’s medical condition and her ability or inability to appear and testify in person at trial.
CPLR 3117 (a) (3) (iii) reads as follows:
“(a) Impeachment of witnesses; parties; unavailable witnesses. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions: . . .
“3. the deposition of any person may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds: . . .
“(iii) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment.” (Emphasis added.)
Respondent’s counsel has interpreted the phrase “upon the hearing of a motion” in subdivision (a) (supra), as meaning that this court must conduct the hearing on the issue. This court disagrees with that interpretation. That provision merely allows for the use of a deposition at such hearing itself (provided all *566 the criteria set forth therein are met) as opposed to stating that a hearing on the motion to use a deposition must be held.
It should be noted that since the inception of the Housing Court Initiative in 1997, the various parts of the housing court are now designated to perform specific functions in an effort to dispose of cases in an efficient manner and to enable the judges to gain expertise in specialized areas within the field of landlord-tenant law (i.e., condo/co-op, New York City Housing Authority, HP proceedings, etc.). The parts are basically divided into Resolution Parts and Trial Parts. The purpose of the Resolution Parts is to review cases from their inception in an effort to reach settlements and to hear arguments on orders to show cause, and pretrial motions regarding issues such as traverse, discovery, summary judgment, dismissal of the proceeding, etc. The Trial Parts conduct the hearings and trials on those matters that cannot be resolved initially in the Resolution Parts.
As a judge currently presiding in a Resolution Part (co-op/ condo), this court is of the opinion that, based upon the language of the statute cited above, the determination as to whether to utilize the respondent’s deposition, in lieu of her appearance and testimony at trial, must be made “at the trial” by the judge conducting the trial. In light of the distinct separation between the Resolution and Trial Parts, the judge in the Resolution Part should not be placed in the position of ruling upon any matters that are evidentiary in nature, thereby removing the discretion from the trial judge on such issues prior to the commencement of the trial. Notwithstanding the fact that all pretrial motions are required to be determined in the Resolution Part before a matter can be referred out as “trial ready,” this type of motion, as opposed to those previously mentioned, can only be decided “at trial” and, therefore, the instant motion must be denied without prejudice to renew before the trial court.
With respect to the affirmation of the respondent’s physician in Cutler v Konover (81 AD2d 571, 572 [2d Dept 1981]), relied on by the respondent’s counsel, the Court stated in its closing paragraph:
“We also note that the trial court correctly allowed plaintiffs counsel to read into evidence his client’s deposition, since an adequate foundation was laid to establish that plaintiff was unable to attend the trial because of sickness. The trial court’s decision was amply based on a doctor’s statement that plaintiff was too sick to travel.” (Citations omitted and *567 emphasis added.)
While the Appellate Division found that an “adequate foundation” was laid and that the trial court’s decision was “amply” based on the doctor’s “statement,” there is nothing further to enlighten the reader as to whether such “statement” was made via an affirmation, as in the case at bar, or in a deposition, or in open court. Since the word “testimony” would generally be used to indicate that a person testified in open court, under oath, subject to cross-examination, the inference to be drawn here is that that was not the case in Konover (supra).
However, since every case must be judged on its own merits, the trial judge to which the instant proceeding will be assigned to by the expediter must determine, under the specific facts of this case, what evidence will be required to lay a proper foundation and whether that burden is met in order to warrant the relief sought herein.
In view of the foregoing, the issue as to whether the out-of-court affirmation of the physician is sufficient to lay the proper foundation for the introduction of the deposition at trial is deferred to the trial court should the respondent renew this motion at trial.
Accordingly, the motion for leave to read the deposition of Maria Gonzalez at trial is denied without prejudice to renew before the trial court.