■ JOHN LUNNING et al., Respondents, v 10 BLEECKER STREET OWNERS CORP. et al., Appellants.—Judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 2, 1988, which granted plaintiffs' motion, pursuant to CPLR 3212, for summary judgment declaring that plaintiffs were not in default under the terms of the subscription agreement and were entitled to the return of their deposit in the amount of $24,000, unanimously affirmed, without costs.

Plaintiffs contracted to purchase shares allocated to an apartment at premises located at 10 Bleecker Street, New York County. After obtaining a loan commitment, which was contingent upon no material change in plaintiffs' financial condition at the time of closing, plaintiff Lanzaratta became unemployed as a result of an illness which caused his death soon thereafter. When plaintiff Lunning and the estate sought the return of the deposit, defendant alleged that they had failed to terminate the subscription agreement in accordance with its terms.

We find that Special Term correctly granted summary judgment. There are no factual issues which require a trial. When a condition of a mortgage loan commitment is not fulfilled through no fault of the purchasers, their performance is excused, so long as they acted in good faith. *(Cone v Daus,* 120 AD2d 788, 789-790.) Furthermore, plaintiffs were not obligated to seek financing elsewhere, since "[t]he law does not require a party to fulfill a condition of a contract that is incapable of fulfillment and is not that party's fault" *(supra,* at 790). Without two incomes, and defendants presented no evidence to the contrary, the surviving plaintiff was not in a position to obtain financing elsewhere. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.