■ JOANN CREIGHTON, Respondent, v KAREN MILBAUER et al., Appellants. [594 NYS2d 185] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered January 31, 1992, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff brought this action to recover $11,500 advanced as

a down payment on the purchase of a condominium apartment owned by defendant Karen Milbauer. The other defendants are alleged to hold the funds as escrow agents. Plaintiff seeks relief pursuant to the mortgage contingency clause of the contract of sale based upon her failure to obtain the necessary financing.

Following joinder of issue, defendants moved for summary judgment seeking, *inter alia,* a declaration that Milbauer is entitled to retain the down payment as liquidated damages on the ground that plaintiff is in default under the terms of the mortgage contingency clause. Supreme Court denied the motion, holding that defendants failed to demonstrate that plaintiff's failure to obtain mortgage financing was the result of bad faith. Defendants appeal.

The essential facts are not in dispute. On April 3, 1991, plaintiff entered into a contract with defendant Milbauer for the sale of a condominium apartment located on East 79th Street in the City and County of New York, tendering a down payment of $11,500. The mortgage contingency clause of the contract contains, among other provisions, a notice requirement obliging the buyer to furnish the seller with a copy of the mortgage commitment which she has accepted by a specified date. Plaintiff's attorney, by facsimile transmission on May 1, 1991, sent to the seller's attorney a copy of a mortgage loan commitment letter from Citibank, N.A. The date specified in the agreement for giving this notice is May 15, 1991. While defendant Milbauer contends that this date was modified, by mutual agreement, to April 20, 1991, the contract provides that it constitutes the entire agreement between the parties and that any changes must be set forth either in the rider "or in a separate written agreement signed by both parties to this Contract." The record includes two copies of the contract, only one of which reflects the alteration, but no written agreement modifying this provision. The rider does not address the mortgage contingency clause and, thus, no modification of the agreement has been established. Plaintiff therefore complied with the provisions of the mortgage contingency clause by sending Milbauer's attorney a copy of the commitment letter prior to the original May 15, 1991 notice date.

The mortgage contingency clause further provides that if the purchaser is unable to obtain a commitment before the specified date, "then Purchaser shall immediately notify Seller and, unless the parties agree in writing to extend such date or Purchaser delivers to Seller a written waiver of this condition, this Contract shall be deemed cancelled and * * * the Down-

payment shall be promptly refunded to the Purchaser." It continues, "In the event Purchaser shall fail to give such notice to Seller on or before the third business day following the above-specified date, this Contract * * * shall remain in full force and effect." Defendants rely on this language in their moving papers in the attempt to demonstrate that plaintiff forfeited any right she may have had to terminate the agreement under the mortgage contingency provision.

On June 3, 1991, the mortgage lender notified plaintiff that it had revoked its commitment. On June 5, 1991, plaintiff's attorney notified defendant Milbauer's counsel of the revocation, enclosing a copy of the computer-generated form letter received from Citibank and demanding the return of plaintiff's down payment. Defendant's attorney, relying on certain language in the revocation notice, responded by letter dated June 10, 1991, asserting that the revocation resulted from plaintiff's "knowing and willful failure or refusal to submit the documentation and information previously requested" and contending that the mortgage contingency provision of the contract had "already lapsed." Counsel's letter also contains formal notice of a "time-of-the-essence closing" scheduled for July 3, 1991. After plaintiff failed to appear at the closing, a notice of default was sent to her indicating defendant's intention to retain the down payment as liquidated damages.

Upon their motion for summary judgment, defendants assert that, despite the revocation of the mortgage commitment, "the contract remained in full force and effect as though there were no mortgage contingency, which was allowed by Creighton to expire". The flaw in this position is that while the provision in question imposes certain requirements for timely notification that a mortgage commitment has been obtained, it is devoid of any procedures to be followed in the event a commitment is later withdrawn. The effect of the language relied upon by defendants is to deem the contract to remain in effect in the event that the purchaser omits to inform the seller of the *failure* to obtain a mortgage commitment. It is clear from the record, however, that plaintiff did obtain a commitment and that the seller's attorney received a copy of that document, to which no objection was raised. It is apparent, therefore, that the event contemplated by the provision— the failure of the purchaser to timely advise the seller of the failure to obtain a mortgage commitment—never arose, and the contract is not deemed to remain in effect, as defendants contend, pursuant to the language of the mortgage contingency clause. The record contains no written agreement to

extend the mortgage contingency date and no written waiver by plaintiff of the protection afforded by the provision. Therefore, defendants' assertion that plaintiff somehow "forfeited" the right to avoid the contract by operation of the mortgage contingency clause is simply not supported by the terms of the agreement.

A mortgage contingency clause is construed to create a condition precedent to the contract of sale *(Cone v Daus,* 120 AD2d 788, 789). In the absence of waiver of its protection by the buyer, any claim that Milbauer is entitled to retain the down payment must be based upon the general rule that a party may not frustrate the performance of an agreement by bringing about the failure of a condition precedent *(Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254, 260). The burden to establish that a condition was prevented or rendered impossible in order to avoid liability under a contract rests upon the party seeking to enforce it *(supra).* The only indication of plaintiff's bad faith offered by defendants is the computer-generated form letter from the mortgage lender revoking its previous commitment. This form letter makes reference to "missing documentation previously requested" and an inability to "verify" employment and income. The notice also indicates that revocation is based in part on information provided by credit reporting agencies.

Plaintiff, in her verified complaint, states that the lender's "commitment was revoked for reasons outside of plaintiff's control. Citibank did not obtain confirmation of plaintiff's employment, a condition of the mortgage commitment, because Plaintiff's employer closed its office during the pendency of plaintiff's application and did not answer its former telephone number." Only in her brief, however, does plaintiff assert that she lost her job on or about May 10, 1991. In her affidavit in opposition to the summary judgment motion, plaintiff flatly denies proceeding in bad faith, stating, "I did, to the contrary, provide all the information to Citibank that was required of me as an applicant for a mortgage loan." The complaint further offers that Citibank may have adopted a policy of declining to issue mortgages for apartments of the size of the unit in question.

Even crediting the computer-generated form letter as evidence sufficient to support defendants' motion, plaintiff's statements, in affidavit form, are sufficient to raise an issue of fact with respect to the question of her good faith pursuit of mortgage financing *(Harris v City of New York,* 147 AD2d 186, 189). Moreover, the source and accuracy of the information

contained in the computer-generated notice and the reliability of its transfer to data storage media are unknown. Therefore, it is questionable whether defendants' motion is supported by such evidence as would be required upon trial or merely by the bald, conclusory assertions of counsel which are of no probative value in the absence of documentary evidence (Zuckerman v City of New York, 49 NY2d 557, 563).

Finally, the terms of the computer-generated notice are not inconsistent with plaintiff's version of the facts. An applicant's income and employment situation are clearly material to the issuance of a mortgage by a financial institution. Plaintiff's statements suggest that she lost her job during the period her mortgage application was pending. If so, loss of the applicant's job would certainly explain why the bank was unable to "confirm" her employment. The loss of a job can hardly be presumed to be an act of bad faith against a contract vendor merely because it results in the revocation of a mortgage commitment by a lending institution. Furthermore, the bank's notice does not specify the nature of the "missing documentation previously requested". Thus, whether it is material to the processing of the application or even capable of being provided, in the event of the applicant's loss of employment, cannot be known at this time.

The test on a motion for summary judgment is whether the pleadings raise a triable issue of fact (Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169; Di Sabato v Soffes, 9 AD2d 297, 300). The function of the court is one of issue finding not issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; Wiener v Ga-Ro Die Cutting, 104 AD2d 331, 333, affd 65 NY2d 732). The credibility of the parties is not a proper consideration for the court (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341), and statements made in opposition to the motion must be accepted as true (Patrolmen's Benevolent Assn. v City of New York, 27 NY2d 410, 415; Cohn v Lionel Corp., 21 NY2d 559, 562). A mortgage contingency clause protects a contract vendee from being obligated to consummate the transaction in the event mortgage financing cannot be obtained in the exercise of good faith and through no fault of the purchaser (Lunning v 10 Bleecker St. Owners Corp., 160 AD2d 178, lv denied 76 NY2d 710 [death of copurchaser]; Cone v Daus, supra [inadequacy of well flow rate]). Having failed to establish, by documentary evidence or otherwise, that plaintiff was denied mortgage financing because she did not pursue her mortgage application in good faith rather than because the lender was merely unable to

verify her employment and income, defendants have failed to demonstrate that no factual issue remains requiring trial of this action *(Garrett v Unanimity Constr.,* 160 AD2d 546, 547, *appeal dismissed* 76 NY2d 936, *amended* 172 AD2d 309), and defendants' motion for summary judgment was properly denied. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.