■ RAGLAGAN SINGH et al., Respondents, v ABRAM DYCKMAN, Appellant, et al., Defendants. [608 NYS2d 497] —In an action for the return of a down payment given pursuant to a contract for the sale of real property, the defendant Abram Dyckman appeals from a judgment of the Supreme Court,

Queens County (Rosenzweig, J.), dated September 19, 1991, which, upon an order denying his motion for summary judgment and granting the plaintiffs' cross motion for summary judgment, is in favor of the plaintiffs and against him in the principal amount of $12,210.

Ordered that the judgment is affirmed, with costs.

It is axiomatic that "[w]hen the provisions of a contract are clear and unambiguous, the interpretation thereof is a question of law and effect must be given to the parties' expressed intent" *(Campagna v Braun,* 124 AD2d 532, 533; *see also, Chimart Assocs. v Paul,* 66 NY2d 570, 572; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460). In this real estate contract at issue, the parties clearly provided that the contract was subject to the purchasers obtaining a commitment for a mortgage on their primary residence within 45 days, and if not, the contract became "null and void" entitling the purchasers to the return of the deposit. It is uncontroverted that the purchasers did not obtain the requisite commitment within 45 days. Based on the clear and unequivocal language agreed to by the parties, we find that the purchasers established their entitlement to summary judgment and the return of their deposit. Furthermore, we conclude that the sellers failed to establish the existence of material factual issues relating to the purchasers' due diligence in obtaining the required loan commitment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Thus, the Supreme Court properly awarded the purchasers summary judgment, ordering the return of their deposit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.