■ SHAWN GARBER et al., Respondents, v ANTHONY J. GIOR-DANO et al., Appellants, et al., Defendant. [791 NYS2d 175]—

In an action, inter alia, to recover the down payment pursuant to a contract for the sale of real property, the defendants Anthony J. Giordano and Maria R. Giordano appeal from (1) a decision of the Supreme Court, Nassau County (Davis, J.), dated December 2, 2003, (2) an order and judgment (one paper) of the same court dated January 29, 2004, and (3) an order and amended judgment (one paper) of the same court dated June 1, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them, granted the plaintiffs' cross motion for summary judgment against them, is in favor of the plaintiffs and against them in the principal sum of $136,300, and awarded the sum of $16,662.67 in prejudgment interest.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order and judgment is dismissed, as the order and judgment was superseded by the order and amended judgment, and it is further,

Ordered that the order and amended judgment is modified, on the law and the facts, by deleting the second, third, fourth, and fifth decretal paragraphs thereof and substituting for the second decretal paragraph thereof the following: "Ordered, adjudged and decreed, that plaintiffs' cross motion for summary judgment is denied;" as so modified, the order and amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs Shawn Garber and Stacy Garber contracted to buy a house owned by the appellants. The contract of sale contained a standard 45-day mortgage contingency clause. The plaintiffs obtained a mortgage commitment within this time period, but did not accept it. Shortly after the commitment was is-

sued, Stacy Garber became ill and Shawn Garber, her husband and a medical doctor, decided to curtail his workload to care for her and their children until she recovered. After Dr. Garber informed the lending institution of his decision, it revoked its commitment and denied the credit application. The plaintiffs then sought the return of their contract down payment. The appellants refused to return the down payment and this action ensued.

After the appellants and the plaintiffs moved and cross-moved, respectively, for summary judgment, the Supreme Court, inter alia, granted judgment in favor of the plaintiffs. The Supreme Court concluded that, under the circumstances, there was "impossibility to perform the contract," and thus, the plaintiffs were entitled to a return of their down payment. We modify.

In *Sciales v Foulke* (217 AD2d 693, 694 [1995]), this Court stated "[a]s long as purchasers exert a genuine effort to secure mortgage financing and act in good faith, they are entitled to recover their down payment if the mortgage is not in fact approved." In *Lunning v 10 Bleecker St. Owners Corp.* (160 AD2d 178, 178 [1990]), the Appellate Division, First Department, stated that "[w]hen a condition of a mortgage loan commitment is not fulfilled through no fault of the purchasers, their performance is excused, so long as they acted in good faith."

In the case at bar, it is clear that the plaintiffs obtained a mortgage commitment in accordance with the terms of the contract of sale. The subsequent revocation of the commitment occurred because of Dr. Garber's voluntary decision to curtail his working hours and thus limit his income. Indeed, when the lending institution notified the plaintiffs of the decision to deny credit, it stated that it was doing so due to "temporary or irregular employment, insufficient stability of income." Therefore, however laudatory Dr. Garber's actions may have been, it cannot be concluded at this juncture of the action that the mortgage commitment was rescinded "through no fault of the purchasers" (*Lunning v 10 Bleecker St. Owners Corp., supra* at 178). Furthermore, the plaintiffs failed to demonstrate the absence of a material issue of fact as to the appellants' allegations of bad faith (*see Kapur v Stiefel,* 264 AD2d 602, 604 [1999]).

Accordingly, since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating the absence of a material issue of fact, the Supreme Court improperly granted their cross motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The appellants' remaining contention is without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.