(November 10, 2009)

◼ Applied Behavior Analysis, Inc., Appellant, v Greater New Jersey Annual Conference of United Methodist Church, Respondent. [888 NYS2d 207]—

In an action to recover a down payment for the purchase of real property, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated November 17, 2008, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim, and (2) a judgment of the same court dated December 8, 2008, which, upon the order, inter alia, is in favor of the defendant and against it in the principal sum of $162,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff entered into a contract with the defendant to purchase a building to be used as one of the locations of the plaintiff's school. In accordance with the contract, the plaintiff paid a $162,500 down payment to the defendant's attorney, as escrowee. The plaintiff did not appear at a scheduled closing, and subsequently brought this action to recover its down payment.

The plaintiff moved for summary judgment, and the defendant cross-moved for summary judgment dismissing the complaint and its counterclaim. The Supreme Court correctly determined that the defendant demonstrated its prima facie entitlement to judgment as a matter of law (*see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). In support of its cross motion, the defendant submitted evidence that because the plaintiff became concerned that repairs to the subject building would not be performed prior to the

start of the upcoming school year, and that it would not have a site for its school, the plaintiff extended its lease at its former location and notified its lender that its lease "will, undoubtedly, put a significant strain on the budget." The lender determined that the plaintiff's additional obligation to pay rent under the extended lease was a change in financial condition and rescinded the loan commitment.

In opposition to the cross motion, the plaintiff failed to raise a triable issue of fact as to whether its financial condition leading to the rescission of the loan commitment was through no fault of its own and was not intended to bring about the failure of the real estate contract (*see generally Garber v Giordano,* 16 AD3d 454 [2005]; *Kapur v Stiefel,* 264 AD2d 602, 603 [1999]; *see also Sciales v Foulke,* 217 AD2d 693 [1995]; *Creighton v Milbauer,* 191 AD2d 162, 164-165 [1993]; *Lunning v 10 Bleecker St. Owners Corp.,* 160 AD2d 178 [1990]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

For these reasons, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, and the Supreme Court properly denied its motion for summary judgment (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.