■ James Blair et al., Respondents, v Richard O'Donnell et al., Appellants. [925 NYS2d 639]—

In an action, inter alia, to recover a down payment pursuant to a contract for the purchase of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered June 15, 2010, as granted those branches of the plaintiffs' cross motion which were for summary judgment on the complaint and dismissing the defendants' counterclaims, and set the matter down for an inquest on disbursements and an attorney's fee, and denied those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and on their counterclaim to retain the down payment.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the plaintiffs' cross motion which was for summary judgment on so much of the complaint as sought an award of disbursements and an attorney's fee, and setting the matter down for an inquest on disbursements and an attorney's fee, and substituting therefor a provision denying that branch of the plaintiffs' cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiffs, and, upon searching the record, summary judgment is awarded to the defendants dismissing so much of the complaint as sought an award of disbursements and an attorney's fee.

The plaintiffs entered into a contract for the purchase of certain real property in Westchester County, New York, and deposited the sum of $55,000 in escrow with the defendant Rob-

ert G. O'Donnell, as attorney for the defendants Richard O'Donnell and Lee Ann O'Donnell (hereinafter together the sellers). The contract contained a mortgage contingency clause requiring the plaintiffs to notify the sellers by a certain date if they could not obtain financing. The plaintiffs applied for mortgage financing and obtained a commitment from a lender, conditioned upon obtaining clear title to the property; they timely transmitted this commitment to the sellers by the date provided in the contract.

The plaintiffs also commissioned a survey of the property as required by a title insurance company. When this survey was completed, it showed certain encroachments on the property which led the lender to revoke the previously-issued mortgage commitment. The mortgage contingency date having passed, the defendants refused the plaintiffs' request to cancel the contract and indicated the sellers' intention to retain the down payment as liquidated damages.

"A mortgage contingency clause is construed to create a condition precedent to the contract of sale" (*see Creighton v Milbauer*, 191 AD2d 162, 165 [1993]; *see Kapur v Stiefel*, 264 AD2d 602, 603 [1999]; *Cone v Daus*, 120 AD2d 788, 789 [1986]). The purchaser is entitled to return of the down payment where the mortgage contingency clause unequivocally provides for its return upon the purchaser's inability to obtain a mortgage commitment within the contingency period (*see Singh v Dyckman*, 202 AD2d 412 [1994]). However, when the lender revokes the mortgage commitment after the contingency period has elapsed, the contractual provision relating to failure to obtain an initial commitment is inoperable, and the question becomes whether the lender's revocation was attributable to any bad faith on the part of the purchaser (*see Applied Behavior Analysis, Inc. v Greater N.J. Annual Conference of United Methodist Church*, 67 AD3d 714, 716 [2009]; *Anderson v Meador*, 56 AD3d 1030, 1038 [2008]; *Kapur v Stiefel*, 264 AD2d at 603; *Creighton v Milbauer*, 191 AD2d at 166).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on their counterclaim to retain the down payment with evidence demonstrating that the lender's revocation of the mortgage commitment was attributable to bad faith on the part of the plaintiffs (*see Anderson v Meador*, 56 AD3d at 1038; *Kapur v Stiefel*, 264 AD2d at 603; *Creighton v Milbauer*, 191 AD2d at 166-167; *cf. Balkhiyev v Sanders*, 71 AD3d 611, 612 [2010]; *Applied Behavior Analysis, Inc. v Greater N. J. Annual Conference of United Methodist Church*, 67 AD3d at 716). Moreover, since the contract contained

no provision that would apply in the event that a mortgage commitment, even if timely issued, was later withdrawn, the defendants failed to establish their prima facie entitlement to judgment as a matter of law based upon any term of the parties' contract allowing them to retain the down payment under these circumstances (*see Kapur v Stiefel*, 264 AD2d at 603; *Creighton v Milbauer*, 191 AD2d at 163-164). Accordingly, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment on their counterclaim to retain the down payment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs established their entitlement to judgment as a matter of law on their claim for return of the down payment with evidence that they acted in good faith in connection with obtaining mortgage financing (*see Cone v Daus*, 120 AD2d at 790; *cf. Garber v Giordano*, 16 AD3d 454, 455 [2005]). In opposition, the defendants submitted only speculative and conclusory assertions as to whether the plaintiffs acted in bad faith in connection with the revocation of the mortgage commitment. They thereby failed to raise a triable issue of fact (*see Lunning v 10 Bleecker St. Owners Corp.*, 160 AD2d 178 [1990]; *Cone v Daus*, 120 AD2d at 790; *cf. Kapur v Stiefel*, 264 AD2d 602 [1999]; *Zwirn v Goodman*, 206 AD2d 360, 362 [1994]; *Katz v Simon*, 216 AD2d 270, 271-272 [1995]). Thus, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on so much of the complaint as sought to recover the down payment.

However, the plaintiffs failed to establish their entitlement to an award of disbursements and an attorney's fee. Under the general rule, legal fees and disbursements are incidents of litigation, and the prevailing party may not collect them from the unsuccessful party unless an award is authorized by agreement between the parties, statute, or court rule (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Khanal v Sheldon*, 55 AD3d 684, 686 [2008]). Here, the parties' contract did not provide for recovery of such items in the event of a breach. Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on so much of the complaint as sought an award of disbursements and an attorney's fee, and should not have set the matter down for an inquest on disbursements and an attorney's fee. Further, under the circumstances of this case, we award summary judgment to the defendants dismissing this claim of the plaintiffs pursuant to our authority to search the record and award summary judgment to the nonmoving party

with respect to an issue that was the subject of the motion before the Supreme Court (see *Sand v City of New York*, 83 AD3d 923, 926 [2011]).

The defendants' remaining contentions are without merit. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.