15-2407-cv
*Bunnell v. Haghighi*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
                *Circuit Judges*,
          KATHERINE B. FORREST,
                *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KATHLEEN BUNNELL, DENNIS BUNNELL,
          *Plaintiffs-Counter-Defendants-Appellants*,

                    v.                                    15-2407-cv

FARZAD HAGHIGHI,
          *Defendant-Counter-Claimant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-COUNTER-DEFENDANTS-APPELLANTS:

DEAN T. CHO, New York, New York.

FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE:

DANIEL ALLIANCE, Jamaica, New York.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-counter-defendants-appellants Kathleen Bunnell and Dennis Bunnell (the "Bunnells") appeal a July 27, 2015 judgment of the United States District Court for the Eastern District of New York, entered after a bench trial, awarding $125,000 plus accrued and post-judgment interest to defendant-counter-claimant-appellee Farzad Haghighi.  By memorandum and order entered July 27, 2015, the district court made findings of fact and conclusions of law, finding in favor of Haghighi. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

On July 27, 2012, Haghighi contracted to purchase the Bunnells' house in Forest Hills, New York, for $1.25 million ("Bunnell Home").  The agreement contained a mortgage contingency clause, releasing Haghighi from his obligation to purchase the property if he was unable to obtain a mortgage loan on specified terms.  Haghighi tendered and the Bunnell's accepted $125,000 as a down payment.

On August 12, 2012, Haghighi contracted to purchase another property in Forest Hills for $805,000 (the "Alternate Property"). On August 20, 2012, Landmark Funding Group ("Landmark"), a mortgage brokerage firm, submitted two loan applications on Haghighi's behalf -- one to Flagstar Bank for a $750,000 loan to purchase the Bunnell Home and the other to another bank for a $400,000 loan to purchase the Alternate Property. The applications were identical in all material respects, indicating that Haghighi had approximately $800,000 in liquid assets, a six-figure income, and a 790 credit score. Flagstar denied Haghighi's application for the $750,000 mortgage on the Bunnell Home. The loan for the Alternate Property was approved. Asserting that Haghighi breached their agreement by failing to apply for a mortgage in good faith, the Bunnells filed this diversity action, claiming entitlement to Haghighi's $125,000 down payment.

At a bench trial on February 3, February 17, April 13, May 11, and June 1, 2015, the district court heard testimony from Haghighi, Douglas Baum, the Bunnells' expert witness on mortgage loan underwriting, and Leah Paskus, the mortgage broker at Landmark who prepared and submitted Haghighi's applications. The district court excluded evidence of misconduct by Haghighi's counsel during the course of the litigation on grounds that it was irrelevant to the trial on the merits.

The critical issue at trial was Haghighi's intent, *i.e.*, whether he applied for the mortgage on the Bunnell Home in good faith or whether he submitted a deliberately defective application to Flagstar. Based on the evidence, the district court found that:

> (1) Haghighi initially entered into contract with the Bunnells under the honest but mistaken belief that he would qualify for a $750,000 mortgage loan; (2) he subsequently learned from Paskus that he would probably not qualify for such a loan; (3) he submitted the application knowing that it would probably be denied, but honestly hoping it would be approved; and (4) if the application was approved, Haghighi would have purchased the Bunnells' Home.

S. App. at 10. It therefore concluded that the mortgage contingency clause was triggered and that the Bunnells were required to return the deposit. Accordingly, the district court entered judgment in Haghighi's favor. This appeal followed.

On appeal, the Bunnells argue that the district court erred in granting judgment in favor of Haghighi. Other than arguing that the district court erred in excluding the evidence concerning the conduct of Haghighi's counsel, however, the Bunnells dispute only the district court's factual findings and the inferences it drew from the evidence presented at trial.

"On appeal from a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). "Under the clear error standard, we 'may not reverse a [factual finding] even [if we are] convinced that had [we] been sitting as the trier of fact [we] would have weighed the evidence differently.'" *Id.* (quoting *Anderson*

*v. Bessemer City*, 470 U.S. 564, 574 (1985)).  We review the district court's evidentiary rulings for abuse of discretion.  *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015).

Under New York law, a "mortgage contingency clause is construed to create a condition precedent to the contract of sale."  *Creighton v. Milbauer*, 594 N.Y.S.2d 185, 187 (1st Dep't 1993).  "In the absence of waiver . . . by the buyer, any claim that [the seller] is entitled to retain the down payment" for failure to satisfy such a condition must be based on allegations that the buyer acted in bad faith "by bringing about the failure of [the] condition precedent."  *Id.* at 187-88.  The seller bears the burden of proof in establishing bad faith.  *Id.*at 188; *Lindenbaum v. Royco Prop. Corp.*, 567 N.Y.S.2d 218, 221 (1st Dep't 1991) ("[I]t is incumbent upon [the seller] to establish that [the buyers' effort] to obtain[] financing was a mere pretense to avoid their obligations under the contract.").  If the seller fails to prove bad faith, the buyer is "entitled to recover her down payment."  *Schramm v. Mei Chu Solow*, 935 N.Y.S.2d 659, 660 (2d Dep't 2012).

We conclude that the district court's finding that Haghighi applied for the mortgage on the Bunnell Home in good faith was not clearly erroneous.  Haghighi testified that he agreed to purchase the Bunnell Home under the misguided belief that he would qualify for a $750,000 mortgage.  He further testified that he submitted *bona fide* applications for mortgages on the Bunnell Home and the Alternate Property and was prepared to purchase them both if the loans were approved.  The mortgage broker corroborated Haghighi's testimony, while the mortgage underwriting expert disputed

it.  The district found that Haghighi and the mortgage broker were credible and the expert witness was unpersuasive.  To be sure, another factfinder could have weighed the evidence differently, but where, as here, "there are [competing] permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574.

We also conclude that the district court did not abuse its discretion in refusing to admit at trial evidence of misconduct by Haghighi's counsel during the pendency of this litigation.  While that evidence was relevant to a motion for sanctions filed by the Bunnells under Federal Rule of Civil Procedure 11, it did not have "any tendency to make" any fact "of consequence in determining the [merits of this] action" "more or less probable," *i.e.*, whether Haghighi met his obligations under the mortgage contingency clause, and thus it was properly excluded.  Fed. R. Evid. 401.  Further, we note that the district court has since considered this evidence and imposed sanctions against Haghighi's counsel, which is not inconsistent with its finding that Haghighi himself applied for the mortgage on the Bunnell Home in good faith.

We have reviewed the Bunnells' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk