Md3 Holdings, LLC v Buerkle (2018 NY Slip Op 01836)





Md3 Holdings, LLC v Buerkle


2018 NY Slip Op 01836


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1421 CA 17-01123

[*1]MD3 HOLDINGS, LLC, PLAINTIFF-RESPONDENT,
v
AUGUST BUERKLE, DEFENDANT-APPELLANT. 






MICHAEL J. KAWA, SYRACUSE, FOR DEFENDANT-APPELLANT.
HARRIS BEACH PLLC, SYRACUSE (DAVID M. CAPRIOTTI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 7, 2017. The order, insofar as appealed from, granted the motion of plaintiff for summary judgment on the complaint and entered judgment in plaintiff's favor. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied and the third and fourth ordering paragraphs are vacated.
Memorandum: Defendant contracted to purchase plaintiff's commercial building in the Town of DeWitt, Onondaga County. The contract included a standard mortgage contingency provision, and a bank subsequently issued defendant a conditional mortgage commitment letter. After receiving the mortgage commitment letter, however, defendant provided the bank with additional projections from his accountant that cast doubt upon the financial viability of the planned use of the building. Upon reviewing the accountant's analysis, the bank determined that "[defendant's] project will be reliant upon the speculative acquisition of an acceptable tenant," and it revoked the mortgage commitment. Without financing, the sale could not close.
Plaintiff then commenced this breach of contract action, alleging that defendant wrongfully induced the bank to revoke the mortgage commitment. Supreme Court, inter alia, granted plaintiff's ensuing motion for summary judgment on the complaint. Defendant now contends that the court erred in granting plaintiff's motion. We agree.
"When a mortgage commitment letter is revoked by the lender after the contingency period, in contrast to the failure to obtain a commitment letter in the first instance, the contractual provision relating to failure to obtain an initial commitment is inoperable, and the question becomes whether the revocation was attributable to any bad faith on the part of the purchaser" (Anderson v Meador, 56 AD3d 1030, 1038 [3d Dept 2008]; see Blair v O'Donnell, 85 AD3d 954, 955 [2d Dept 2011]). Thus, where a mortgage commitment is revoked in the absence of bad faith on the part of the purchaser, performance of the contract is excused and the purchaser avoids the "unenviable position of either having to proceed to closing [without financing], or to risk forfeiture of the down payment" (Kapur v Stiefel, 264 AD2d 602, 603 [1st Dept 1999]). Notably, the fact that a mortgage commitment was revoked based on new information supplied by the purchaser does not, by itself, establish that he or she acted in bad faith (see Anderson, 56 AD3d at 1038; Kapur, 264 AD2d at 603; Creighton v Milbauer, 191 AD2d 162, 163-167 [1st Dept 1993]). Here, plaintiff failed to establish as a matter of law that "the lender's revocation of the mortgage commitment was attributable to bad faith on the part of [defendant]" (Blair, 85 AD3d at 955), rather than to defendant's efforts to honor his duty of fair dealing to the bank by providing it with further information regarding the proposed transaction (see Anderson, 56 AD3d at 1038; Kapur, 264 AD2d at 603; see also Garber v Giordano, 16 AD3d 454, 455 [2d Dept 2005]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court