Chahalis v Roberta Ebert Irrevocable Trust (2018 NY Slip Op 05135)





Chahalis v Roberta Ebert Irrevocable Trust


2018 NY Slip Op 05135


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00699
 (Index No. 35204/15)

[*1]Gregg Chahalis, respondent, 
v
Roberta Ebert Irrevocable Trust, et al., appellants.


Ingram Yuzek Gained Carroll & Bertolotti, LLP, New York, NY (David G. Ebert and Edward Heppt of counsel), for appellants.
Schoeps & Specht, Nanuet, NY (Michael B. Specht of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated November 4, 2016. The order granted the plaintiff's motion for summary judgment for the return of his down payment and, in effect, denied the defendants' converted motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 21, 2015, the plaintiff entered into a contract of sale with the defendants to purchase a condominium located in Rockland County and tendered a down payment. The contract contained a mortgage contingency clause providing, inter alia, that the plaintiff's obligations under the contract were conditional upon him obtaining a mortgage commitment within a certain time period. The clause further provided that if the plaintiff did not receive such a commitment within the contingency period, he was entitled to cancel the contract and to the return of his down payment. The plaintiff received a mortgage commitment, and that information was transmitted to the defendants on June 22, 2015.
On July 21, 2015, however, the plaintiff was notified by his employer that due to restructuring, he was being terminated from his employment effective July 31, 2015. After the contingency period had expired, the lender revoked the mortgage commitment. The plaintiff promptly notified the defendants, who refused the plaintiff's request for a return of his down payment, and indicated their intention to retain the down payment under the terms of the contract. Thereafter, the plaintiff commenced this action against the defendants to recover damages for breach of contract and for the return of his down payment. The defendants moved pursuant to CPLR 3211(a)(1) to dismiss the complaint and the Supreme Court, pursuant to CPLR 3211(c), converted the motion to one for summary judgment dismissing the complaint. In response, the plaintiff opposed the defendants' motion and moved for summary judgment for the return of his down payment. The Supreme Court granted the plaintiff's motion and, in effect, denied the defendants' converted motion.
" A mortgage contingency clause is construed to create a condition precedent to the [*2]contract of sale'" (Blair v O'Donnell, 85 AD3d 954, 955, quoting Creighton v Milbauer, 191 AD2d 162, 165; see Kapur v Stiefel, 264 AD2d 602, 603). "The purchaser is entitled to return of the down payment where the mortgage contingency clause unequivocally provides for its return upon the purchaser's inability to obtain a mortgage commitment within the contingency period" (Blair v O'Donnell, 85 AD3d at 955; see Singh v Dykman, 202 AD2d 412). "However, when the lender revokes the mortgage commitment after the contingency period has elapsed, the contractual provision relating to failure to obtain an initial commitment is inoperable, and the question becomes whether the lender's revocation was attributable to any bad faith on the part of the purchaser" (Blair v O'Donnell, 85 AD3d at 955; see Applied Behavior Analysis, Inc. v Greater N.J. Annual Conference of United Methodist Church, 67 AD3d 714, 716; Kapur v Steifel, 264 AD2d at 603).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law for the return of his down payment. He submitted evidence that he acted in good faith in obtaining a mortgage commitment, that the commitment was subject to re-verification of employment, and that the subsequent revocation of the commitment was not attributable to any bad faith on his part (see Blair v O'Donnell, 85 AD3d at 956; Carmona v McKiernan, 66 AD3d 729). In opposition, the defendants failed to raise a triable issue of fact (see Carmona v McKiernan, 66 AD3d at 730).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment for the return of his down payment and, in effect, to deny the defendants' converted motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court