Rivkin v 1946 Holding Corp. (2023 NY Slip Op 04427)

Rivkin v 1946 Holding Corp.

2023 NY Slip Op 04427

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-00086
 (Index No. 618062/19)

[*1]Andrew Rivkin, appellant, 
v
1946 Holding Corp., et al., respondents, et al., defendant.

Richard A. Dubi, P.C., Garden City, NY (Dana E. Heitz of counsel), for appellant.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Steven J. Harfenist and Andrew C. Lang of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a declaration that the plaintiff is entitled to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered December 21, 2020. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the first cause of action and dismissing the counterclaims asserted by the defendants 1946 Holding Corp. and Carol Ann Coyne, and for an inquest to determine the amount of attorney's fees and costs owed to the plaintiff pursuant to the contract of sale, and granted those branches of the cross-motion of the defendants 1946 Holding Corp. and Carol Ann Coyne which were for summary judgment in their favor on the first cause of action insofar as asserted against them and on their counterclaims, and for an inquest to determine the amount of attorney's fees and costs owed to them pursuant to the contract of sale.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the first cause of action and dismissing the counterclaims asserted by the defendants 1946 Holding Corp. and Carol Ann Coyne, and for an inquest to determine the amount of attorney's fees and costs owed to the plaintiff pursuant to the contract of sale is granted, those branches of the cross-motion of the defendants 1946 Holding Corp. and Carol Ann Coyne which were for summary judgment in their favor on the first cause of action insofar as asserted against them and on their counterclaims, and for an inquest to determine the amount of attorney's fees and costs owed to them pursuant to the contract of sale are denied, and the matter is remitted to the Supreme Court, Nassau County, for an inquest to determine the amount of attorney's fees and costs owed to the plaintiff pursuant to the contract of sale and for the entry of a [*2]judgment, inter alia, declaring that the plaintiff is entitled to the return of his down payment under the contract of sale.
In 2019, the plaintiff contracted with the defendant 1946 Holding Corp. (hereinafter 1946 Holding) to purchase certain real property located in the Town of Mamaroneck, and tendered a down payment. The defendant Carol Ann Coyne signed the contract as 1946 Holding's president. The contract contained a mortgage contingency clause that conditioned the plaintiff's obligations under the contract on his ability to obtain a mortgage loan commitment within a certain period of time, and provided him with the right to cancel the contract and receive his down payment if he did not obtain such a commitment within the specified time. Within the specified time, the plaintiff obtained a mortgage loan commitment which was subject to the receipt of an environmental report that was satisfactory to the lender. The loan commitment was extended several times while awaiting the report of an environmental investigation by a company hired by 1946 Holding, but ultimately the lender refused to further extend the loan commitment due to the lack of a satisfactory environmental report. The plaintiff promptly notified 1946 Holding and demanded a return of his down payment. The down payment was not returned.
The plaintiff then commenced this action against 1946 Holding and Coyne (hereinafter together the defendants), among others, for, inter alia, a judgment declaring that he is entitled to recover the down payment. The defendants counterclaimed to recover damages for breach of contract, contending that they were entitled to retain the down payment, and for attorney's fees and costs pursuant to the contract. The plaintiff moved for summary judgment on the first cause of action, which sought a judgment declaring that he is entitled to recover the down payment, for summary judgment dismissing the counterclaims, and for an inquest to determine the amount of attorney's fees and costs owed to him pursuant to the contract. The defendants cross-moved, among other things, for summary judgment in their favor on the first cause of action insofar as asserted against them and on their counterclaims, and for an inquest to determine the amount of attorney's fees and costs owed to them pursuant to the contract. The Supreme Court denied the plaintiff's motion, granted the defendants' cross-motion, and directed an inquest to determine the amount of attorney's fees and costs owed to the defendants pursuant to the contract. The plaintiff appeals.
"A mortgage contingency clause is construed to create a condition precedent to the contract of sale" (Blair v O'Donnell, 85 AD3d 954, 955 [internal quotation marks omitted]; see Chahalis v Roberta Ebert Irrevocable Trust, 163 AD3d 623, 624). "The purchaser is entitled to return of the down payment where the mortgage contingency clause unequivocally provides for its return upon the purchaser's inability to obtain a mortgage commitment within the contingency period" (Blair v O'Donnell, 85 AD3d at 955; see Chahalis v Roberta Ebert Irrevocable Trust, 163 AD3d at 624). "However, when the lender revokes the mortgage commitment after the contingency period has elapsed, the contractual provision relating to failure to obtain an initial commitment is inoperable, and the question becomes whether the lender's revocation was attributable to any bad faith on the part of the purchaser" (Blair v O'Donnell, 85 AD3d at 955; see Chahalis v Roberta Ebert Irrevocable Trust, 163 AD3d at 624; Anderson v Meador, 56 AD3d 1030, 1038).
Here, the plaintiff was entitled to the return of his down payment on the basis that the revocation of the loan commitment was not attributable to any bad faith on his part. Contrary to the defendants' contention, the plaintiff did not waive his right to cancel the contract of sale. The plaintiff established that the lender revoked the loan commitment due to delays regarding remediating environmental contamination on the property and that these delays were not attributable [*3]to the plaintiff. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the plaintiff was entitled to summary judgment on his first cause of action and dismissing the counterclaims.
Further, the parties agreed in the contract of sale that the prevailing party in an action commenced upon a party's default would be entitled to reasonable attorney's fees and costs. Accordingly, the plaintiff is entitled to reasonable attorney's fees and costs, and the matter must be remitted to the Supreme Court, Nassau County, for an inquest to determine the appropriate award.
Since this is, in part, a declaratory judgment action, the matter also must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is entitled to the return of his down payment under the contract of sale (see Lanza v Wagner, 11 NY3d 317, 334).
In light of the foregoing, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court