Dadi-Mehmetaj v Hastings Collective, LLC (2026 NY Slip Op 01181)

Dadi-Mehmetaj v Hastings Collective, LLC

2026 NY Slip Op 01181

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06349
 (Index No. 66609/23)

[*1]Saida Dadi-Mehmetaj, respondent, 
vHastings Collective, LLC, appellant, et al., defendant.

Dimopoulos Bruggemann, P.C. (Kassenoff Law, P.C., Tuckahoe, NY [Allan A. Kassenoff], of counsel), for appellant.
Martino & Weiss, Rye Brook, NY (Douglas Martino and Andrew D. Brodnick of counsel), for respondent.

DECISION & ORDER
In an action to recover a down payment made pursuant to a contract for the sale of real property, the defendant Hastings Collective, LLC, appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 25, 2024. The order, insofar as appealed from, denied that defendant's converted motion for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the plaintiff's cross-motion which was for summary judgment on the complaint, and directed the release of the down payment in the sum of $107,500 from escrow to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 8, 2023, the plaintiff (hereinafter the buyer) and the defendant Hastings Collective, LLC (hereinafter the seller), entered into a contract for the sale of real property located in Hastings-on-Hudson for the sum of $1,075,000, with a down payment in the amount of 10% of the sale price, or $107,500. The contract contained a mortgage contingency clause, which provided that the buyer's obligation to purchase the property was conditioned upon the issuance of a written mortgage commitment by an institutional lender for the sum of $806,250, with a term of 30 years. The mortgage contingency clause provided, in pertinent part, that if "no Commitment is issued by the Institutional Lender on or before the Commitment Date," the buyer "may cancel this contract by giving Notice to Seller on or before the Commitment Date."
The buyer applied for a mortgage with an institutional lender. After several extensions of the commitment date were granted by the seller, the buyer asked for yet another extension, to address environmental concerns raised by the lender. The seller granted the extension until June 16, 2023, which the seller characterized as "one final extension."
On June 16, 2023, the buyer emailed the seller, suggesting that they "could" cancel the contract or retry with another lender. After receiving no response, on June 20, 2023, the buyer again emailed the seller and asked if the seller wanted to cancel the contract or extend the contingency period to enable the buyer to apply for a mortgage loan with another lender. On June 26, 2023, the buyer asked again if the seller would allow an extension or "should we cancel the deal [*2]and all move on?" Receiving no response, on July 11, 2023, the buyer asked for the return of the down payment. After the down payment was not returned, the buyer commenced this action to recover the down payment.
The seller made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that the buyer never provided notice that she was canceling the contract on or before the commitment date of June 16, 2023, and, therefore, that she waived her right to recover the down payment.
The buyer cross-moved to convert the seller's motion into a motion for summary judgment dismissing the complaint insofar as asserted against it, and for summary judgment on the complaint. In support of her cross-motion, she contended that she had provided notice of cancellation of the contract to the seller, which the seller claimed was defective only after litigation was commenced, and that pursuant to the contract, the seller was required to return the down payment.
In an order dated April 25, 2024, the Supreme Court, upon converting the seller's motion to dismiss the complaint insofar as asserted against it into a motion for summary judgment dismissing the complaint insofar as asserted against it, denied the seller's converted motion, granted that branch of the buyers's cross-motion which was for summary judgment on the complaint, and directed the release of the down payment in the sum of $107,500 from escrow to the buyer. The seller appeals.
"A mortgage contingency clause is construed to create a condition precedent to the contract of sale. The purchaser is entitled to return of the down payment where the mortgage contingency clause unequivocally provides for its return upon the purchaser's inability to obtain a mortgage commitment within the contingency period" (Rivkin v 1946 Holding Corp., 219 AD3d 893, 895 [citations and internal quotation marks omitted]). In this case, the buyer established her entitlement to judgment as a matter of law by demonstrating that she duly applied for a mortgage and was unable to secure a mortgage commitment in the time allotted.
In opposition, the seller failed to raise a triable issue of fact based upon the fact that the buyer gave the seller a choice: give the buyer a sufficient extension of time under the mortgage contingency clause to pursue a mortgage with another lender or cancel the contract. The seller was notified that if it did not give the extension, the contract would be canceled. Therefore, when no extension was given, the buyer treated the contract as canceled.
The fact that the buyer was attempting to negotiate another option—i.e., an extension of time to pursue an application for a mortgage commitment with another lender—did not render her cancellation of the contract invalid (see Baker v Norman, 226 AD2d 301). The seller's failure to respond to repeated inquiries may be considered bad faith, since "[a] duty to speak arises where there is a duty of fair dealing between the parties pursuant to a contractual relationship, and failure to speak is inconsistent with honest dealings and misleads another" (533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 747-748 [internal quotation marks omitted]). If the seller intended to preserve the contract, its failure to respond frustrated any efforts to do so.
Accordingly, the Supreme Court properly denied the seller's converted motion for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the plaintiff's cross-motion which was for summary judgment on the complaint, and directed the release of the down payment in the sum of $107,500 from escrow to the buyer.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court